Roberts allowed Akin to remain as president of National, and to operate its business and draw from company funds in lieu of a salary.

Roberts knew that Akin had personally borrowed $360,000 which was secured by National's assets upon representation by Akin that it would be repaid within ninety days. It was not repaid by that time.

THEREFORE, IT IS HEREBY ORDERED as follows:

(1) Movant shall immediately resign his membership in the Kentucky Bar Association, and surrender his license to practice law in this Commonwealth, and shall not file an application for reinstatement for a period of six (6) months from the date of the entry of this order;

(2) Movant shall be responsible for the payment of the costs of the disciplinary investigation and proceedings in accordance with SCR 3.450; and

(3) Movant shall promptly comply with the notice provisions within SCR 3.390.

All concur.

## ORDER

This cause coming on to be heard on a motion by the plaintiff, Larry David Newsome, to review an advisory opinion of the Kentucky Board of Bar Examiners, the plaintiff relying upon Rule 2.060 of the Rules of the Kentucky Supreme Court; and the court being sufficiently advised denies the motion on the ground that the opinion furnished by the defendants was an advisory opinion only, made pursuant to Rule 2.040(3). No provision is made in the rules for a review of an advisory opinion.

The court in no way passes upon the merits of the case, but merely adheres to the Rules of the Supreme Court and does not grant review of advisory opinions.

All concur.

**Larry David NEWSOME, Plaintiff,**

v.

**Grant M. HELMAN, Chairman of the Kentucky Board of Bar Examiners, Character and Fitness Committee, Defendants.**

No. 89–SC–343–OA.

Supreme Court of Kentucky.

June 8, 1989.

**James F. WATSON, Appellant,**

v.

**CRITTENDEN COUNTY FISCAL COURT, Appellee.**

No. 88–CA–1057–MR.

Court of Appeals of Kentucky.

June 2, 1989.